This matter is before the court on the application of defendant-appellant, James Hammon, to reopen the appeal from his conviction and sentence on one count of drug abuse with a specification in violation of R.C. 2925.11. The state has filed a response contesting the reopening of the appeal.
The original appeal of this matter was dismissed by this court sua sponte on December 22, 1997 for the failure of appellant's appointed counsel to file assignments of error and a brief. Thereafter that same counsel, Geoffrey Oglesby, filed a motion for reconsideration which we denied in a decision and judgment entry dated February 18, 1998. The record next contains a letter which was written by Hammon to Oglesby and copied to the Erie County Clerk of Courts. The letter is dated April 3, 1998 and was filed by the clerk on April 9, 1998. The letter reads:
"Dear sir [sic]:
 "I have tried on numemors [sic] occasions to contact you and your associates on the progress of my appeal. Case Numbers 95-CR135 97CR075.
 "Since I never got a response or communication from you. [sic] I inquired of the clerk of courts. I received a court of appeals Docket #8 in which I sent to you for information of the findings. Both cases were dismissed and reconsideration denied. What happened?. [sic]
 "Please send me the transcripts of both trials, a copy of the appelliate [sic] briefs for each appeal and the assignments of error. And [sic] any other motions or petitions filed in my behalf. As you were the appelliate [sic] counsel in both cases. 95CR135 and 97CR075."
On November 19, 1998, Hammon, now represented by new counsel, filed the present application to reopen his appeal, asserting that his original appellate counsel was ineffective in that his deficient representation caused the appeal to be dismissed without this court ruling on the merits of the appeal. The application is supported by Hammon's own affidavit in which he asserts that his original appellate counsel did not inform him that his appeal had been dismissed and that he did not discover that the appeal had been dismissed within ninety days of the dismissal. The application is also supported by the affidavit of Thomas R. Wetterer, Jr., appellant's present counsel, who attests that Hammon did not request assistance in filing a motion to reopen within ninety days of dismissal and opines that Hammon was prejudiced by Oglesby's failure to follow the appellate rules and failure to secure a trial transcript for the appeal.
App. R. 26(B)(2) sets forth the requirements of an application to reopen and reads in relevant part:
 "An application for reopening shall contain all of the following:
"* * *
 "(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment;
 "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation [.]"
Moreover, App. R. 26(B)(5) provides that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."
Hammon clearly did not file his application within the ninety days mandated by the Appellate Rules. We do, however, find that Hammon has established good cause for failing to file his application within the time limit. The record demonstrates that Hammon's original appellate counsel failed to inform him that the case had been dismissed and that Hammon only discovered the dismissal upon contacting the clerk's office. The state asserts that Hammon has not demonstrated good cause in that it was Hammon's duty to keep track of the progress of his appeal and that he could have contacted the court once a week to see if his appeal was progressing properly. We do not find this argument to be well-taken. It is appellate counsel's duty to keep an incarcerated appellant apprised of the progress of his or her case. In this case, the original appellate counsel failed in that duty and that failure prevented Hammon from filing the present application within the time limit. We find that Hammon has established good cause for his failure to timely file the application.
The state also contends the application should be denied because Hammon has failed to present any assignments of error that previously were not considered. Hammon contends, however, that the requirement set forth in App. R. 26(B)(2)(c) should be waived because original appellate counsel's failure to file an appellate brief and failure to arrange for the timely preparation and transmission of the transcript caused the original appeal to be dismissed. We agree. Under the unique circumstances of this case, it is prior counsel's ineffectiveness that prevents Hammon and present counsel from now complying with the requirements of App. R. 26(B)(2)(c). We therefore find that, in the interest of justice, Hammon should not be required to comply with App. R. 26(B)(2)(c).
In our view, Hammon has clearly raised a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. Accordingly, we find his application to reopen well-taken.
This appeal is hereby reopened and shall proceed as provided in the Rules of Appellate Procedure. It is so ordered.
George M. Glasser, J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE